IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFTWARE AG and SOFTWARE AG, INC., ) ) ) Plaintiffs, ) ) v. ) ) BEA SYSTEMS, INC., ) ) Defendant. ) | C.A. No. 03-739 (GMS) **REDACTED** |

## PROPOSED PRETRIAL ORDER

This matter having come before the Court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and William D. Coston, James R. Burdett and Clifton E. McCann of Venable LLP, 575 7th St. N.W., Washington, D.C. 20004, (202) 344-4000, and Mary B. Graham of Morris, Nichols, Arsht & Tunnell, 1201 N. Market Street, P.O. Box 1347, Wilmington, DE 19899, (302) 658-9200, having appeared as counsel for Plaintiffs Software AG and Software AG, Inc. ("SAG") and Michael A. Jacobs of Morrison & Foerster LLP, 425 Market St., San Francisco, CA 94105, (415) 268-7000, Matthew D'Amore of Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104, (212) 468-8000, and Steven J. Balick of Ashby & Geddes, 222 Delaware Avenue, 17th Floor, P.O. Box 1150, Wilmington, DE 19899, (302) 654-1888, having appeared as counsel for Defendant BEA Systems, Inc. ("BEA"), the following actions were taken:

(1)    This is an action for patent infringement under 35 U.S.C. § 271, and the jurisdiction of the Court is involved under 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction is not disputed.

(2)     The following stipulations and statements were submitted and are attached to and made a part of this Order.

(a)     Attached hereto as Schedule (a) is a comprehensive statement of all uncontested facts, which will become part of the evidentiary record in this case, and which may be read to the jury by the Court or any party.

(b)     Attached hereto as Schedules (b)(1) and (b)(2) are the parties' respective statements of the contested issues of fact and law.

(c)     Attached hereto as Schedules (c)(1) and (c)(2) are the parties' respective exhibit lists with objections thereto noted, except for demonstrative exhibits.  The parties have agreed to exchange demonstrative exhibits on April 22, 2005.

(d)     Attached hereto as Schedules (d)(1) and (d)(2) are the parties' respective lists of the names and addresses of the potential witnesses to be called by each party, with statements of any objections to calling, or to the qualifications of, any witness identified on the list.

(e)     Attached hereto as Schedules (e)(1) and (e)(2) are the parties' respective statements of the qualifications of each expert witness, which may be read to the jury at the time the expert witness takes the stand.

(f)     Attached hereto as Schedules (f)(1) and (f)(2) are the parties' respective lists of all depositions, or portions thereof, to be read into evidence and statements of any objections thereto.

(g)     There are no special damages in this case.

(h)     Attached hereto as Schedule (h) is a statement of claims and defenses that each party has waived.

    (i)  As this is a jury trial, attached hereto as Schedules (i)(I)(1) through (i)(IV)(2) are the following:

      (i)  The parties' respective trial briefs are attached hereto as Schedules (i)(I)(1) and (i)(I)(2).

      (ii)  The parties' respective marked proposed jury instructions, showing areas of objection and agreement, are attached hereto as Schedule (i)(II).  An electronic copy on diskette and three paper copies of the parties' proposed jury instructions, with objections, are filed herewith.

      (iii)  The parties' respective verdict forms, with objections following, are attached hereto as Schedules (i)(III)(1) and (i)(III)(2).  An electronic copy on diskette and three paper copies of the parties' proposed verdict forms, with objections, are filed herewith.

      (iv)  The parties' joint proposed *voir dire* questions are attached hereto as Schedule (i)(IV)(1).  An electronic copy on diskette and three paper copies, are filed herewith.

    (j)  The parties are submitting proposed *Findings of Fact and Conclusions of Law* on the two equitable claims in this case, inequitable conduct and equitable estoppel.  These submissions are attached hereto as Schedules (j)(1) through (j)(4).  The parties disagree on whether these claims should be decided by the Court or the jury.  SAG believes these claims should be decided by the Court.  BEA believes these claims should be submitted to the jury for an advisory verdict.

    (k)  Attached hereto as Schedule (k) is a statement of the history and status of settlement negotiations, indicating whether further negotiations are ongoing and likely to be productive.

(l) Both SAG and BEA have completed all fact and expert discovery in this case, including expert depositions, except as set forth herein. On March 7, 2005, a third-party law firm, that was involved in the prosecution of the patent application leading to the '619 patent, provided SAG with several hundred pages of documents from its files. SAG received these documents without any notice or explanation. SAG will provide BEA with any relevant, non-privileged documents from this set, as well as a privilege log showing what has been withheld, by March 18, 2005. BEA has informed SAG that it reserves all rights to seek the preclusion of these documents, or any testimony or other evidence concerning them, since the third party law firm did not provide them in response to BEA's subpoena *duces tecum* during discovery. The parties have agreed that BEA may take reasonable discovery, including depositions, based on these documents. Absent good cause shown, no other further discovery shall be permitted.

(m) The parties have completed their filing of motions *in limine* with the Court.

(3) Trial of this case is expected to take five (5) days and is scheduled to begin at 9:00 a.m. on May 2, 2005.

(4) This is a jury trial.

Jury ☒           Non-jury ☐

(5) SAG recommends that 8 jurors (6 plus 2 alternates) be selected at the commencement of the trial. BEA recommends that 12 jurors (10 plus 2 alternates) be selected at the commencement of trial.

(6) This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

(7)     Possibility of settlement of this case was considered by the parties.

	_____
	United States District Judge


Date: _____


| /s/ Leslie A. Polizoti | /s/ John G. Day |
|---|---|
| Attorney for Plaintiffs | Attorney for Defendant |
| MORRIS, NICHOLS, ARSHT & TUNNELL | ASHBY & GEDDES |
| Mary B. Graham (#2256) | Steven J. Balick (#2114) |
| Leslie A. Polizoti (#4299) | John G. Day (# 2403) |
| 1201 N. Market Street | 222 Delaware Avenue, 17th Floor |
| P.O. Box 1347 | P.O. Box 1150 |
| Wilmington, DE  19899 | Wilmington, DE  19899 |
| (302) 658-9200 | Attorneys for Defendant |
| Attorneys for Plaintiffs | BEA Systems, Inc. |
| Software AG and Software AG, Inc. | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: Steven J. Balick (sbalick@ashby-geddes.com), John G. Day (jday@ashby-geddes.com), Mary B. Graham (mbgefiling@mnat.com), and Leslie A. Polizoti (lpolizoti@mnat.com).

I also certify that on March 14, 2005, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

### BY HAND DELIVERY

Steven J. Balick, Esquire
John G. Day, Esquire
ASHBY & GEDDES
222 Delaware Avenue – 17th Floor
Wilmington, DE  19801

### BY FEDERAL EXPRESS

Michael A. Jacobs, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482

Matthew M. D'Amore, Esquire
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050

/s/ Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com

453764